IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAVID MARK PLATT,<br><br>　　　　　Defendant. | 4:22CR3068<br><br>**ORDER** |

　　　　Defendant is charged in a two-count indictment which alleges that on May 14, 2022,

　　　　Count I:　　Defendant knowingly transported an individual who had not attained the age of 18 years in interstate commerce, with the intent that the individual engage in prostitution and sexual activity in violation of 18 U.S.C. § 2423(a), and

　　　　Count II:　　Defendant committed the offense alleged in Count I while required by law to register as a sex offender in violation of 18 U.S.C. § 2260A. (Filing No. 20).

Defendant moves to sever these counts for separate trials. (Filing No. 52). For the reasons stated below, the motion will be denied.

ANALYSIS

　　　　An indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8 (a). "The rule is broadly construed in favor of joinder to promote the efficient administration of justice." U.S. v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008).

Here, the allegations in the indictment arise from essentially the same act—Defendant's alleged interstate transport of a minor on May 14, 2023 for the purpose of engaging in prostitution or sexual activity (Count I), and while required to register as a sex offender, (Count II). The counts are properly joined in the indictment. Defendant does not argue to the contrary.

Defendant moves for severance under Rule 14, arguing he will be prejudiced if tried for both offenses at the same trial. "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14. "[T]here is a strong presumption against severing properly joined counts." United States v. McCarther, 596 F.3d 438, 442 (8th Cir. 2010). "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Id. at 903 (quoting United States v. Rodgers, 732 F.2d 625, 630 (8th Cir.1984) (quoting United States v. Dennis, 625 F.2d 782, 802 (8th Cir.1980)). Evidence of another crime be admissible because it "completes the story of the crime" being tried, or as evidence of a prior bad act admissible under the Federal Rules of Evidence. United States v. Geddes, 844 F.3d 983, 988 (8th Cir. 2017).

Here, in a separate trial of the offenses, the government must prove Defendant was required to register as a sex offender when he committed the crime alleged in Count I. So, even if the court severs the counts, the government's evidence supporting Count I will be relevant and admissible in a trial on Count II. United States v. Lindsey, 782 F.2d 116, 118 (8th Cir. 1986). "No prejudice results from the refusal to sever when evidence of one charge would be

admissible in a separate trial on the other. McCarther, 596 F.3d at 442. Evidence in support of Count I "completes the story of the crime" alleged in Count II. Geddes, 844 F.3d at 988.

Defendant argues, however, that if Counts I and II are jointly tried, he will be deprived of his presumption of innocence on the new offense alleged in Count I (interstate transport of a minor for sexual contact or prostitution) when the jury hears evidence of Platt's prior sex offense during the trial on Count II (failure to register as a sex offender). (Filing No. 53, at CM/ECF pp. 2-3). He argues that "[i]f the two counts were tried separately, evidence that Platt had previously been convicted of a sexual offense for which he was required to register would not be admissible under Rule 404(b) as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with respect to Count I." (Filing No. 53, at CM/ECF p. 3).

In criminal cases where the defendant is accused of a crime involving sexual assault, evidence of a prior sexual assault is generally admissible under Rule 413 "unless its probative value is substantially outweighed by one or more of the factors enumerated in Rule 403, including the danger of unfair prejudice." United States v. Weber, 987 F.3d 789, 793 (8th Cir. 2021) (quoting United States v. Keys, 918 F.3d 982, 986 (8th Cir. 2019) (quoting United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001)). Rule 413 reflects the "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997). "Evidence admitted under Rule 413 is still subject to Rule 403, requiring that the evidence's probative value outweigh the danger of unfair prejudice," but where Rule 413 is applicable, it "supersedes Rule 404's prohibition against character evidence." United States v. Crawford, 413 F.3d 873, 875 (8th Cir. 2005) (internal citations omitted).

As defined under Rule 413(d), a sexual assault includes, among other things, any federal or state crime involving conduct proscribed by chapter 109A of title 18, United States Code. "Rule 413 does not require that the defendant be charged with a chapter 109A offense, only that the instant offense involve conduct proscribed by chapter 109A." United States v. Blazek, 431 F.3d 1104, 1109 (8th Cir. 2005).

The government states Platt has a 2012 felony conviction for second degree sexual assault of an 18-year-old victim in violation of Texas Penal Code § 22.011(a)(1). Based on this representation, Platt was convicted of a prior sexual assault for the purposes of Rule 413. See 18 U.S.C. § 2241. Platt is currently charged in Count I with interstate transport of a minor (a 15-year-old) to engage in sexual activity and prostitution in violation of 18 U.S.C. § 2423(a). (Filing No. 1). This crime involves conduct proscribed by Title 18, chapter 109A. See e.g., Blazek, 431 F.3d at 1109 (holding a charge of "knowingly engaging in a sexual act with a person who has attained the age of 12 years but has not attained the age of 16 years" in violation of 18 U.S.C. § 2423(b) involves conduct proscribed by chapter 109(a)). Since Platt's previous Texas conviction is for sexual assault, and the pending federal charge involves conduct proscribed by chapter 109A of title 18, United States Code, under Rule 413, the evidence of Platt's prior Texas conviction is admissible in the trial on Count I unless the court finds it is unfairly prejudicial under the Rule 403 balancing test. Blazek, 431 F.3d at 1109.

In support of his claim of prejudice, Platt argues that unless the Counts are severed, he cannot exercise his right to testify in his defense on Count I without exposing himself to cross-examination on Count II. (Filing No. 53, at CM/ECF p. 3). "A defendant arguing for severance on this basis must make a persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts."

4

McCarther, 596 F.3d at 443 (internal quotation marks omitted). The defendant must make "a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other." Lindsey, 782 F.2d at 118. Platt has made no such showing. And as to any other arguments of prejudice, he has not explained why a limiting instruction would not sufficiently mitigate any prejudice arising from a joint trial. United States v. Caldwell, 97 F.3d 1063, 1068 (8th Cir. 1996) (affirming the trial court's refusal to sever where "there was little possibility that the jury was confused about the evidence related to each count in light of the cautionary instruction given by the district court").

There is no showing that the probative value of Platt's prior Texas conviction is substantially outweighed by the danger of unfair prejudice. Based on the record currently before the court, evidence of the prior Texas conviction will be admissible in the trial of both Counts I and II. Defendant has therefore failed to show the Counts must be severed for trial because he will suffer additional prejudice if they are tried together.

Accordingly,

IT IS ORDERED that Defendant's motion to sever, (Filing No. 52), is denied.

January 1, 2024

                                        BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge