IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3068 |
| vs. | TENTATIVE FINDINGS |
| DAVID MARK PLATT, | |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant has objected to the pretrial report (filing 100) and moved for a downward departure or variance (filing 98). And the government has moved for an upward variance. Filing 104.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

- (c) impose upon the United States the burden of proof on all Guidelines enhancements;

- (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

- (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report in several respects (filing 100), but only one objection affects the guidelines range: The defendant objects to the 4-level enhancement to the offense level pursuant to U.S.S.G. § 2A3.1(b)(1) for (as relevant) engaging in, or causing another person to engage in, a sexual act with another person by: (A) using force against the victim; or (B) threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping. *See id.*, cmt. n.2(A).[1]

More specifically, the 4-level enhancement applies when "the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." § 2A3.1(b)(1).

---

[1] The Court notes that the defendant objects to the 4-level enhancement, but doesn't appear to have objected to the presentence report's cross-reference from U.S.S.G. § 2G1.3(c)(3) to § 2A3.1. *See* filing 100; filing 101.

The relevant provision of the statute, considering the conduct described in the presentence report, involves knowingly causing another person to engage in a sexual act "by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." § 2241(a)(2).

The defendant's objection, as the Court understands it, is simply that the description of the defendant's account in the presentence report falls short of meeting the requirements of § 2241(a)(2). *See* filing 101 at 11-14.[2] The threat requirement, however, is satisfied whenever the defendant uses a threat of harm sufficient to coerce or compel submission by the victim. *See United States v. Cobenais*, 868 F.3d 731, 740 (8th Cir. 2017); *United States v. Bordeaux*, 997 F.2d 419, 421 (8th Cir. 1993). The provision would apply, for instance, if any dangerous weapon was used or brandished. § 2A3.1 cmt. n.2(A).

The presentence report applies the 4-level enhancement based on the following:

> During a forensic interview, the victim of this offense indicated she did not feel like she could leave the defendant, advised she was threatened by the defendant and added he

---

[2] The defendant asserts that § 2241(a)(2) can only be satisfied by a threat to kill, injure, or kidnap *the victim*. Filing 101 at 12. While the distinction does not seem to be relevant in this case, the Court notes that the statute and guideline are broader than the defendant suggests—the threat can be against "any person," not just the victim. *See United States v. Rojas*, 520 F.3d 876, 882-83 (8th Cir. 2008) (threat to commit suicide); *United States v. Fire Thunder*, 908 F.2d 272, 275 (8th Cir. 1990) (threat to kill victim's father).

struck her. The victim also reported Mr. Platt had a knife, and the report states, "everything he did" scared the victim.

The defendant asserts that there's nothing saying that the defendant struck the victim specifically to compel her to engage in a sexual act, that the defendant may have possessed a knife but there's nothing saying he used it to threaten her, and that the defendant's generalized fear of the defendant is insufficient. *See* filing 101 at 13-14. The Court notes, however, that the Eighth Circuit has found sufficient evidence of a threat under circumstances that appear, to the Court, to be comparable. *See United States v. Reynolds*, 720 F.3d 665, 674 (8th Cir. 2013); *see also United States v. Wardlow*, 830 F.3d 817, 823 (8th Cir. 2016).

That said, the government bears the burden of proving the applicability of an enhancement to the offense level. *United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014). Accordingly, the Court will resolve this issue at sentencing.[3]

Relatedly, the defendant objects to the inclusion, in the government's version of the offense, of the victim's claims regarding the defendant striking her and possessing a knife. Filing 100 at 1. This Court's practice, however, is to let the government's (and the defendant's, when offered) versions of the offense stand as such—with the understanding that they

---

[3] The Court notes that the defendant's denial of offense conduct, particularly where it forces the victim of such an offense to testify about her abuse, may warrant revisiting the defendant's acceptance of responsibility. *See United States v. Searby*, 439 F.3d 961, 964 (8th Cir. 2006); *United States v. White Buffalo*, 84 F.3d 1052, 1054 (8th Cir. 1996); *United States v. Yankton*, 986 F.2d 1225, 1230 (8th Cir. 1993); *see also United States v. Thunderhawk*, 799 F.3d 1203, 1209 (8th Cir. 2015).

represent nothing more than the position of counsel. With that understanding, the objection will be overruled.

Similarly, the defendant also objects to unproved allegations relating to a prior conviction. Filing 100 at 1. The Court will overrule that objection to the extent that the presentence report accurately describes the *materials* cited—but again with the understanding that the description of the offense isn't based directly on evidence reviewed by the probation officer or available to the parties and the Court. (The Court is aware, in other words, that the indictment and affidavit supporting the defendant's arrest aren't evidence, much less judicial findings of fact.)

Finally, the defendant objects to the presentence report's indication that an upward variance may be appropriate, filing 100 at 2; instead, he suggests that a downward variance is appropriate based on his personal circumstances and the circumstances of the offense, and that a downward departure is appropriate pursuant to U.S.S.G. § 5H1.4. That section provides that an extraordinary physical impairment may be a reason to depart downward. *Id.*

A departure based on a physical condition is a discouraged ground on which to depart and should be limited to exceptional circumstances. *United States v. Dailey*, 958 F.3d 742, 746 (8th Cir. 2020). Three questions are used to determine whether an extraordinary physical impairment exists to justify a downward departure:

> (1) whether the physical condition of the defendant makes it so imprisonment would be more than a normal hardship; (2) whether imprisonment would subject the defendant to more

>than normal danger or inconvenience; specifically whether imprisonment would worsen the defendant's condition and whether the defendant requires special care the Bureau of Prisons does not provide; and (3) whether the defendant's physical condition has any present effect on his or her ability to function.

*Id*. With those questions in mind, the Court will resolve this issue at sentencing.

The government, for its part, argues for an upward variance. Filing 104; *see* filing 105 at 10-12. The Court will resolve the parties' respective motions for variance at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 20th day of May, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge